```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
UNITED STATES OF AMERICA                 :
                                         :
              -v-                        :      S3 07 CR 354(JSR)
                                         :
MONZER AL KASSAR,                        :      MEMORANDUM ORDER
TAREQ MOUSA AL GHAZI, and                :
LUIS FELIPE MORENO GODOY,                :
                                         :
              Defendants.                :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Defendant Monzer Al Kassar, joined by co-defendants Tareq Mousa Al Ghazi and Luis Felipe Moreno Godoy, moves for reconsideration of the Court's August 18, 2008 Opinion and Order ("the August 18 Order") denying defendants' Rule 15 motion to take the pre-trial depositions of three witnesses in Spain. The Court first denied defendants' Rule 15 motion on July 11, 2008, without prejudice, after hearing oral argument and reviewing written submissions from both parties and defendants' ex parte sealed submission relating to materiality. See transcript, 7/11/08. Defendants renewed their motion after submitting sworn affidavits from all three witnesses purporting to attest to their unavailability to testify at trial, and the Court denied the motion with prejudice on August 18, 2008. Now, defendants request reconsideration of the August 18 Order with respect to one of the three proposed deponents, Jose M. Villarejo, a Chief Inspector of the Spanish National Police. See Memorandum of Law in Support of Defendants' Motion for Reconsideration of the Court's Opinion and Order Denying Defendants' Motion for Rule 15 Depositions ("Def. Mem.") at 2.

Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); S.D.N.Y. Local Civil Rule 6.3 (motions for reconsideration must include "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked"). Here, far from pointing to matters the Court might have overlooked, defendants premise their motion for reconsideration on the repeated, but flatly erroneous assertion that the Court has already found the testimony that defendants purportedly will elicit from Inspector Villarejo to be, not only material, but necessary to prevent a failure of justice. See Def. Mem. at 2, 3, 4, 6, 9. As the August 18 Order clearly states, however, the Court has not found it necessary to rule on these matters, because Inspector Villarejo's own affidavit has made it clear that he is not genuinely unavailable to testify at trial. 8/18/08 Order at 2-3.

Defendants' motion for reconsideration has not convinced the Court otherwise. Defendants assert that "[u]nder the law of the Second Circuit, once Inspector Villarejo declared his refusal to appear at trial, the Court should have found that he was unavailable for purposes of Rule 15." Def. Mem. at 7. Defendants fail to cite to any legal authority in support of this broad proposition, let alone offer any new case law or controlling decisions that the Court

2

purportedly overlooked. Nor, as a factual matter, has Inspector Villarejo "declared his refusal" to testify at trial, but rather has stated, in conclusory and seemingly contradictory fashion, that "work related responsibilities" that "require [him] to leave Spain on short notice" would somehow render him "unable to travel to the United States for the trial of this case." Affidavit of Jose M. Villarejo. As the August 18 Order noted, such vague speculation about theoretical future work commitments cannot create the "exceptional circumstances" needed to satisfy Rule 15. 8/18/08 Order at 3; see United States v. Varbaro, 597 F. Supp. 1173, 1181-82 (S.D.N.Y. 1984).

    Moreover, as also noted in the August 18 Order, see id. at 3, the U.S. Government has made a formal request in the instant case to the Government of Spain for Inspector Villarejo's appearance at trial, which, if granted, would compel his attendance. See Government's Memorandum of Law in Opposition to Defendants' Motion for Reconsideration of the Court's Opinion and Order Denying Defendants' Motion for Rule 15 Depositions at 11. Since the Government of Spain has already granted such requests with respect to other witnesses in this case, it seems not unlikely it will honor the request for Inspector Villarejo as well.[1]

    In their motion for reconsideration, defendants also argue,

---

[1] The Court here also makes explicit what was implicit in the August 18 Order: if the Government of Spain declines the U.S. Government's request for Inspector Villarejo's appearance at the trial of this case, the defendants, promptly upon being apprised of such declination, may renew their motion to depose Inspector Villarejo, which, in that very different posture, the Court will consider de novo.

3

for the first time, that the Court's denial of defendants' motion to depose Inspector Villarejo violates defendants' Sixth Amendment right to compulsory process and their Fifth Amendment right to due process. Def. Mem. at 3-6. The failure of defendants to raise these arguments in their original motion is, of itself, sufficient to deny them.[2]

Moreover, even if the Court considers these arguments on the merits, they still fail. Indeed, not only have defendants proved unable to cite a single case that supports their assertion that the Rule 15 deposition here sought is necessary to prevent a violation of the Fifth or Sixth Amendments, but also the cases they do cite suggest, if anything, the opposite conclusion. Notably, they rely on United States v. Greco, a case that, in actuality, explicitly recognizes the limits of the Sixth Amendment right to compulsory process when applied in these circumstances. See Greco, 298 F.2d 247, 251 (2d Cir. 1962) ("the Sixth Amendment can give the right to compulsory process only where it is within the power of the federal government to provide it. Otherwise any defendant could forestall trial simply by specifying that a certain person living where he could not be forced to come to this country was required as a witness

---

[2] Defendants seek to explain their failure to raise these arguments in the original motion by contending that the constitutional arguments are "self-evident," and that the defense was not provided with an opportunity to reply to the Government's opposition to their original motion. Def. Mem. at 2-3. As explained below, the constitutional arguments raised in defendants' motion, far from being "self-evident," are erroneous. Moreover, defendants never requested leave from the Court to submit reply papers (which is not, in any case, a matter of right), nor did they raise these arguments at the time of their post-briefing oral argument of the motion in court.

4

in his favor."); see also United States v. Yousef, 327 F.3d 56, 114 n.48 (2d Cir. 2003) (noting that a court's inability to subpoena witnesses from a foreign country does not deprive a defendant of any constitutional right).

The Court has considered defendants' other arguments and finds them so entirely without merit as not to warrant further discussion.

Accordingly, for the foregoing reasons, defendants' Motion for Reconsideration of the August 18 Order is hereby denied.

SO ORDERED.

                                        JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       August 26, 2008