UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              -v-<br><br>LUIS FELIPE MORENO GODOY,<br><br>          Defendant. | 07-cr-354 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

    Before the Court is defendant Luis Felipe Moreno Godoy's motion for compassionate release under 18 U.S.C. § 3582(c). On February 24, 2009, this Court sentenced Felipe Moreno to the mandatory minimum sentence of 25 years' imprisonment after a jury convicted him on five counts related to a conspiracy to sell more than 12,000 weapons to men he believed represented the Fuerzas Armadas Revolucionarias de Colombia (the "FARC"), an international terrorist group. Felipe Moreno is currently 73 years old and has served 14 years of his 25-year imprisonment. He is scheduled to be released on September 24, 2028.

    The Court presumes the parties' familiarity with their arguments and the factual and procedural history of this case. The Court has carefully considered the parties' briefs and the presentations of counsel at oral argument. The Court has determined that, in light of the extremely serious crimes that he committed, a reduction of Felipe Moreno's sentence would not be consistent with the factors set forth in 18 U.S.C. § 3553(a). Felipe Moreno's motion is therefore denied.

I.  **Legal Standard**

District courts are authorized under 18 U.S.C. § 3582(c)(1)(A)(i) to modify a defendant's term of imprisonment. The standard requires the Court to "ask four questions: (1) has the defendant complied with the administrative exhaustion requirement, (2) has the defendant shown extraordinary and compelling reasons warranting a sentence reduction, (3) are the 18 U.S.C. § 3553(a) sentencing factors consistent with a lesser sentence than that previously imposed, and (4) is there a particular sentence reduction consistent with the § 3553(a) factors that is also warranted by extraordinary and compelling reasons." United States v. Garcia, 505 F. Supp. 3d 328, 331 (S.D.N.Y. 2020).[1] In United States v. Brooker, the Second Circuit held that the compassionate release statute as revised by the First Step Act grants district courts discretion in determining what facts constitute "extraordinary and compelling reasons" for justifying release and need not be limited to those specified in the Sentencing Commission's guidelines. 976 F.3d 235 (2d Cir. 2020).

II. **Analysis**

It is undisputed that Felipe Moreno satisfied the administrative exhaustion requirement of section 3582(c). See ECF 209 at 8 n. 3. The outcome of his motion therefore turns on whether a sentence reduction is appropriate. As explained below, the Court has determined that a

---

[1] Unless otherwise specified, all internal quotation marks, citations, omissions, alterations, and emphases are omitted from all sources cited herein.

sentence reduction would not be consistent with the factors set forth in section 3553(a). Since this is sufficient to deny Felipe Moreno's motion, the Court need not determine whether extraordinary and compelling reasons warrant a reduction in this case. See United States v. Massa, 2021 WL 4847424, at *3 n. 2 (S.D.N.Y. Oct. 18, 2021).

Under 18 U.S.C. § 3553(a), a district court must consider the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

The thrust of Felipe Moreno's motion is that the instant offense was "an aberration" and that he was not a major player in the conspiracy. He contends that the 14 years he has already served is sufficient punishment for his role in conspiracy. He also argues that his age, his health condition, his record of rehabilitation, and Al Kassar's continued incarceration make it unlikely that he will recidivate, so he no longer poses a danger to the public. Finally, Felipe Moreno cites sentences imposed in various other terrorism-related cases that are less than 25 years, arguing that his current sentence is unduly harsh and unnecessarily long for deterrence purposes.

The Government responds that Felipe Moreno's 25-year sentence, the mandatory minimum applicable to his convictions, fairly reflects

the seriousness of his involvement as "an important contributor" to the arms trafficking conspiracy. Sentencing Tr. 59. The Government emphasizes that Congress has not reduced the sentence applicable to Felipe Moreno's offenses since his conviction, and that illicit arms trafficking to terrorist organizations remains "an incredibly serious offense." ECF 209 at 12. Finally, the Government disputes that Felipe Moreno no longer poses a risk to the public, since "neither youth nor good health" are necessary to commit arms trafficking. Id. at 13.

After considering all these factors, as well as the trial record and the evidence adduced during sentencing proceedings, the Court finds that reducing Felipe Moreno's sentence would not be consistent with the section 3553(a). This conclusion rests largely on the first section 3553(a) factor: the nature and circumstances of Felipe Moreno's offense. During sentencing, the Court recognized that Godoy was more than a nominal actor in the conspiracy, given his prolonged association with Monzer Al Kassar, a notorious international arms dealer. Sentencing Tr. 59. Having worked for one of the world's most prolific arms traffickers for more than a decade, Felipe Moreno's argument that he was a bit player in the conspiracy is unpersuasive. Although the specific arms deal at issue was, in reality, a sting operation, Felipe Moreno believed that he was assisting in an actual sale of numerous, highly deadly weapons to the FARC, and that Felipe Moreno understood that the weapons would be used to kill Americans. Felipe Moreno's participation in the conspiracy therefore amounts to an extremely serious offense for which a sentence of 25 years is appropriate,

4

regardless of the mandatory minimum. Nor do the terrorism-related cases with lower sentences cited by Felipe Moreno convince the Court that this sentence was unduly harsh, since none of those cases is directly comparable.

Denying Felipe Moreno's motion is also consistent with this Court's treatment of his co-defendant, Al Kassar. Al Kassar was sentenced to 30 years imprisonment as the conspiracy's leader, and the Court denied Al Kassar's motion for compassionate release in 2020. See ECF 200. In denying Al Kassar's motion, the Court emphasized that his 30-year sentence was "if anything, on the lenient side" in light of the "monstrous nature" of his crimes. Id. at 4-5. The same reasoning applies to Al Kassar's co-conspirator, Felipe Moreno, whose sentence already reflects his lesser role in the conspiracy as compared to Al Kassar's.

Finally, while Felipe Moreno's disciplinary record and apparent rehabilitation in prison are commendable, they do not sufficiently mitigate the extreme seriousness of his offense to justify a sentence modification. His medical issues are similarly concerning, but since none is particularly serious or unusual, the Court concludes that the Bureau of Prisons is able to provide the necessary care.

## III. Conclusion

The Court finds that reducing Felipe Moreno's sentence would be inconsistent with the factors set forth in section 3553(a). Since this is fatal to the instant motion, the Court need not consider the other

compassionate release factors. Felipe Moreno's motion for compassionate release is therefore denied.

    SO ORDERED.

New York, NY  
June 17, 2022

                                               JED S. RAKOFF, U.S.D.J.