UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>LUIS FELIPE MORENO GODOY,<br><br>Defendant. | 07-cr-354 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

The Court has received yet another pro se motion from defendant Luis Felipe Moreno Godoy ("Felipe Moreno") asking for a sentence reduction under the "compassionate release" statute, 18 U.S.C. § 3582(c)(1)(A). (Dkt. 224) ("Mtn."). Provided that the statutory exhaustion requirements are met, the Court may reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the 18 U.S.C. § 3553(a) factors weigh in favor of reduction. See United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021). Felipe Moreno raises a host of purported "extraordinary and compelling" circumstances that justify his early release, including age, health, the length of his sentence and sentencing disparity with others, and his rehabilitation. In his motion, however, he primarily focuses on various other challenges to his sentence, including claims that he was a victim of entrapment and that his counsel was deficient.

As in the case of Felipe Moreno's last motion for compassionate release, the Court concludes that irrespective of Felipe Moreno's

1

propounded "extraordinary and compelling" circumstances, the factors set forth in 18 U.S.C. § 3553(a) counsel against a sentence reduction. His motion is therefore denied. See United States v. Godoy, No. 07-CR-354 (JSR), 2022 WL 2195330, at *3 (S.D.N.Y. June 17, 2022) (concluding that the court need not consider the other compassionate factors where a sentence would be inconsistent with the factors set forth in section 3553(a)).

## DISCUSSION

It is undisputed that Felipe Moreno satisfied the administrative exhaustion requirement. See 18 U.S.C. § 3582(c). Whether a sentence reduction is appropriate thus turns on the merits of his motion under the compassionate release statute.

Felipe Moreno was a long-time associate of Monzer Al Kassar, an international arms trafficker. In the presence and with the assistance of Felipe Moreno, Al Kassar negotiated, over several meetings, a deal with two Drug Enforcement Administration ("DEA") agents posing as members of Fuerzas Armadas Revolucionarias de Colombia (the "FARC"), a left-wing Colombian terrorist organization. The DEA agents told Al Kassar that they were interested in buying a large amount of weapons, including anti-aircraft missiles, and planned to use them to kill Americans in Colombia. See United States v. Al Kassar, 660 F.3d 108, 115 (2d Cir. 2011). Felipe Moreno participated in several of these meetings, including a meeting where Al Kassar expressed enthusiasm for killing Americans. See Government's Opposition Brief, at 3-4 (Dkt. 226) ("Opp. Br."). In an apparent furtherance of the

2

deal, Al Kassar and Felipe Moreno also traveled to arms factories in Bulgaria and Romania to obtain price quotes for the weapons. Id. at 6.

After a jury convicted Felipe Moreno on five counts related to the conspiracy to sell over 12,000 weapons to FARC, this Court imposed the mandatory minimum sentence of 25 years, which was, in these circumstances, lenient. See United States v. Al Kassar, 2024 WL 4476009, at *2 (S.D.N.Y. Oct. 11, 2024) (finding the same with respect to defendant Al Kassar); United States v. Tareq Mousa Al Ghazi, 2025 WL 918788, at *3 (S.D.N.Y. Mar. 26, 2025) (concluding the same with respect to co-defendant Al Ghazi). Felipe Moreno, now 76, has served more than 17 years of his sentence. He is scheduled to be released on September 24, 2028.

In his motion, Felipe Moreno continues to portray his role in the conspiracy as a bit player, an argument that this Court already rejected. United States v. Godoy, 2022 WL 2195330, at *2 (S.D.N.Y. June 17, 2022). He also refuses to accept the responsibility for his crimes solely because the arms deal at issue was a sting operation. That fact, however, is irrelevant to his belief that a massive quantity of weapons would be used to kill Americans and his knowing actions in furtherance of the deal that would accomplish it.

Further, the Court agrees with the Government that Felipe Moreno's arguments that his sentence should somehow be reduced because of the release of the convicted arms dealer Viktor Bout in connection with a 2022 prisoner swap between the United States and Russia is entirely

3

without merit. The prisoner swap between the United States and Russia has no bearing on this compassionate release motion. Felipe Moreno also raises arguments based on United States v. Cromitie, where another judge "granted the defendants' compassion release motions because the evidence presented at trial made it clear that the defendants were not terrorists but just impoverished small time grifters and drug users/street level dealers who could use some money." 2024 WL 216540, at *3 (S.D.N.Y. Jan. 19, 2024). That is, however, not true here. Felipe Moreno was a long-time associate of a sophisticated international weapons trafficker, and not a "petty drug dealer." Further, unlike the defendant in Cromtie whose contribution to the conspiracy had been minimal, Al Kassar and Felipe Moreno "knowingly and intentionally, and without any hesitation, and with their full embrace, entered into an arrangement to sell huge quantities of the most serious weapons to what they believed was a terrorist organization who would use those weapons, among other things, to kill Americans and to wreck [sic] havoc." Opp. Br. at 12 (quoting Sentencing Tr. 53:6-12); Cf. at *3. Felipe Moreno's reliance on Cromitie is thus unpersuasive.

 Finally, Felipe Moreno also raises other circumstances, such as his rehabilitation in prison and primarily age-related medical conditions (that are in fact well managed within the Bureau of Prison's care), that he argues are grounds for a sentence reduction. As in his last compassionate release motion, the Court concludes that these

circumstances neither mitigate the seriousness of Felipe Moreno's offense nor are sufficiently severe to justify an early release.[1]

The seriousness of Felipe Moreno's crimes and the goals of specific and general deterrence alone weigh against his release. As a result, the Court finds that a reduction of Felipe Moreno's sentence would be inconsistent with the factors set forth in Section 3553(a). Felipe Moreno's motion for compassionate release is hereby denied. The Clerk is directed to close Dkt. 224.

SO ORDERED.

New York, NY
April 10, 2025

JED S. RAKOFF, U.S.D.J.

---

[1] To the extended Felipe Moreno raises a challenge based on allegedly ineffective representation of counsel, the Court concludes that a compassionate release motion is not a proper vehicle for any such claim, and in any case, defendant's arguments on this claim, viewed in the most favorable light for defendant, are barely intelligible, let alone persuasive. See Mtn. at 2-3.